IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## TONY BRITTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. I-11-00079     James M. Lammey, Jr., Judge**

_____

### No. W2016-01298-CCA-R3-PC

_____

The petitioner, Tony Britton, appeals pro se from the summary dismissal of his 2015 petition for post-conviction relief, which challenged his 2011 guilty-pleaded conviction of second degree murder. Because the petition was filed well beyond the applicable statute of limitations and because the petitioner failed to prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Tony Britton, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 6, 2011, the petitioner pleaded guilty to one count of second degree murder, and the trial court imposed a sentence of 25 years in prison. The petitioner did not appeal the judgment.

On May 11, 2015, the petitioner filed a pro se petition for post-conviction relief, alleging ineffective assistance of counsel and an involuntary and unknowing guilty plea. In his petition, the petitioner twice averred that he had never filed any other petitions or motions with respect to the judgment at issue. On July 20, 2015, the post-conviction court summarily dismissed the petition, deeming it time barred.

Nearly one year later, on June 27, 2016, the petitioner moved this court for permission to late-file his notice of appeal. In his motion, the petitioner claimed that he had "filed a timely petition for post-conviction relief on [or] about October 28, 2012," and he attached to his motion a sworn petition for post-conviction relief which was notarized on October 28, 2012. The purported petition did not, however, bear a file-stamp from the trial court clerk's office, and it was never made a part of the record either before the post-conviction court or this court. This court ultimately waived the timely filing of the notice of appeal and granted the petitioner's motion to late-file the same.

On appeal, the petitioner merely challenges the summary dismissal of his 2015 petition, reiterating his claims of ineffective assistance of counsel and an involuntary guilty plea. The petitioner does not, however, raise any issue pertaining to his alleged filing of a previous petition for post-conviction relief. The State responds that the petition that is the subject of this appeal was not timely filed.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if

retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 2011 conviction via a post-conviction petition filed in 2015, nearly three and one-half years after the judgment became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claims for relief are not "later arising." Although the petitioner claimed in a motion before this court to accept his late-filed notice of appeal that he had timely filed a petition for post-conviction relief in October 2012, that purported petition was never made a part of the record and is not the subject of this appeal.

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE